(102 So. 459)

### CROSBY v. STATE.    (4 Div. 938.)

(Court of Appeals of Alabama.   Oct. 7, 1924. Rehearing Denied Oct. 28, 1924.)

1. Homicide ☞174(1) — Overruling objection as to statement made by defendant after assault held not error.

In prosecution for assault with intent to murder, overruling defendant's objection to question as to matter occurring after assault, "Now, Mr. C—— [defendant], isn't it a fact that in the conversation you had with Mr. H—— * * * that you apologized to him, * * * but that you said in the same conversation that you didn't care anything about B—— [prosecuting witness]?" held not error, particularly in view of answer, "I don't know that I did; it wasn't mentioned. * * *"

2. Criminal law ☞1144(12)—Lack of motion to exclude answer to question objected to warrants assumption defendant satisfied therewith.

Lack of motion to exclude answer to question which had been objected to warrants assumption defendant was satisfied therewith.

3. Homicide ☞169(2)—Evidence held admissible as tending to show relationship of parties, and prosecuting witness' purpose in visiting defendant's home.

In prosecution for assault with intent to murder, where defendant's objection to marriage of prosecuting witness and his daughter was shown, overruling objection to question asked prosecuting witness: "She wrote you letters, and you wrote her letters?" to which witness answered, "Yes, sir," held not error; such testimony being admissible to show relationship of parties and witness' purpose in visiting defendant's home.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**4. Homicide ⬤190(3) — Evidence of threats held properly excluded, in absence of evidence that defendant had acted in self-defense.**

Evidence of threats made by prosecuting witness and communicated to defendant *held* properly excluded, in absence of evidence that defendant acted in self-defense.

**5. Criminal law ⬤656(3)—Remark of court in ruling that evidence of threats was admissible held not prejudicial or indicative of unfairness.**

Where defendant after repeated efforts finally gave evidence of an overt act by prosecuting witness, and his counsel asked court whether he had gone far enough to render admissible threats against defendant, court's reply, "Yes; I think he has fixed it all right now," *held* not indicative of intentional unfairness, or prejudicial.

**6. Criminal law ⬤829(1)—Denial of requested instructions covered by others given not error.**

Denial of requested instructions covered by others given is not error.

Appeal from Circuit Court, Coffee County; W. L. Parks, Judge.

William Crosby was convicted of assault with intent to murder, and he appeals. Affirmed.

Certiorari denied by the Supreme Court in Ex parte Crosby, 212 Ala. 313, 102 So. 461.

Fleming & Yarbrough, of Enterprise, and M. S. Carmichael, of Montgomery, for appellant.

There was error in overruling objection by defendant to the question propounded to him by the state as to a conversation with one Harper. Rivers v. State, 209 Ala. 140, 95 So. 293; Morell v. State, 18 Ala. App. 243, 91 So. 501; State v. Stallings, 142 Ala. 112, 38 So. 261. It was error to permit the witness Blackman to testify that letters had passed between him and defendant's daughter. Walden v. State, 129 Miss. 686, 92 So. 822; Downs v. State, 18 Ala. App. 451, 93 So. 76; Gafford v. State, 122 Ala. 54, 25 So. 10; Robinson v. State, 108 Ala. 14, 18 So. 732. The remark made by the court relative to the sufficiency of defendant's predicate for the admission of threats was prejudicial. Rigell v. State, 8 Ala. App. 46, 62 So. 977; Moulton v. State, 199 Ala. 411, 74 So. 454; Owens v. State, 19 Ala. App. 621, 99 So. 774.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

Testimony tending to show defendant's hostility of mind toward the injured party was admissible. Thomas v. State, 18 Ala. App. 268, 90 So. 878; Hall v. State, 208 Ala. 199, 94 So. 59. Evidence of correspondence between the injured party and the defendant's daughter was admissible. Downs v.

State, 18 Ala. App. 451, 93 So. 76. Where there is no evidence of self-defense, evidence of threats is not admissible. Moore v. State, 16 Ala. App. 503, 79 So. 201.

BRICKEN, P. J. William Crosby was indicted, tried, and convicted for the offense of assault with intent to murder, and was duly sentenced to imprisonment in the penitentiary for an indeterminate term of not less than two years, nor more than four years. From the judgment of conviction defendant appealed.

The injured party was one Monroe Blackman, and the evidence is without dispute that this defendant shot Blackman at close range, with a shotgun, and within the time covered by the indictment. The wound inflicted was a serious one as testified to by the attending physician and by Blackman, the injured party. He stated:

"He shot me on the right side of my head [and at this time he exhibited to the jury the right side of his face showing the scar]. After I received the wound I do not know anything else that happened on that occasion. I was unconscious from that time until Thursday morning after, and the shooting occurred on Sunday night before. When I regained consciousness I was in the hospital at Dothan, and stayed in the hospital a couple of weeks, and was disabled from doing any work for nine weeks. I lost the sight of my eye as the result of the wound, and cannot now see out of my right eye."

The insistence of the state was that the shooting was wholly unprovoked and unwarranted, and that the defendant shot Blackman because he (Blackman) wanted to marry defendant's daughter, and that defendant's objection to the marriage was because Blackman was reported to be an illegitimate.

The defendant insisted that Blackman had uttered threats against him because of his objection to his marriage with his daughter, which threats had been communicated, and at the time of the shooting he (Blackman) made an overt act towards defendant. Blackman contended, however, that at the time he was fired upon he was wholly unarmed, and that he made no demonstration whatever against the defendant.

The merits of these respective contentions and insistencies were of course for the determination of the jury. Pending the trial of this case several rulings of the court were excepted to, and insistencies of error are here predicated upon these rulings.

[1] The first proposition presented arose during the cross-examination of the defendant while testifying as a witness in his own behalf. Defendant was asked by the solicitor: "Now, Mr. Crosby, isn't it a fact that, in the conversation that you had with Mr. Harper a few days after that occurrence, that you apologized to him for the way that

you had treated him, but that you said in that same conversation that you didn't care anything about Blackman?"

[2] The court overruled defendant's general objection to this question, and defendant excepted. No injury resulted to defendant in this ruling for the reason that the answer given by the witness obviated any hurtful effect which could have resulted in the ruling complained of. Moreover, we think under the authority of Thomas v. State, 18 Ala. App. 268, 90 So. 878, and Hall v. State, 208 Ala. 199, 94 So. 59, the question propounded was not subject to the objection interposed. To the question the witness answered, "I don't know that I did. It wasn't mentioned between me and Mr. Harper about that part of it." We can discover nothing hurtful to the defendant in the answer given. Furthermore, no motion was made by the defendant to exclude the answer; therefore the assumption must be indulged that defendant was satisfied therewith. For this reason, also, this ruling of the court must be sustained.

[3] The second proposition insisted upon as error relates to the court's action in overruling defendant's objection to a question propounded by the state to the injured party, Blackman, upon his redirect examination. He was asked: "She wrote you letters, and you wrote her letters?" The witness replied, "Yes, sir." The court overruled defendant's motion to exclude the answer. It does not appear that any attempt was made to show the contents of the letters, or to offer them in evidence. There is no merit in this insistence. The evidence was admissible to show the relations existing between Blackman and the daughter of defendant, and to shed light upon the purpose of Blackman's visit to defendant's home upon the occasion in question, and also his motive in being there at that time. The evidence was in rebuttal of matters drawn out upon the cross-examination of this witness, and was therefore properly allowed. In no event can we discover error in this ruling calculated in the least to injuriously affect the substantive rights of the defendant.

[4, 5] The defendant testified as a witness in his own behalf, and undertook in several instances to tell of certain threats alleged to have been made against him by Blackman, which the court properly disallowed for the reason there was no evidence that the defendant acted in self-defense. After repeated efforts, the defendant finally gave evidence of an overt act by Blackman at the time of the shooting, whereupon counsel for defendant addressed the court and stated: "Does your honor think now he has gone far enough for us to introduce threats?" to which the court replied, "Yes; I think he has fixed it all right now." This statement

by the court is made the basis of appellant's third insistence of error, and we are of the opinion that the position of appellant in presenting this proposition is wholly untenable. We are not willing to impute to the trial judge the deliberate unfairness impliedly, if not directly, insisted upon in this connection. We are clearly of the opinion that the court, in making the remark complained of, meant to imply only that the rule of evidence for the admission of threats had been met by the testimony of the defendant himself. In accord with the statement of the court the defendant was allowed at this juncture to introduce evidence of threats alleged to have been uttered against him by Blackman. Moreover, it does not appear from the record that an exception was actually reserved to the remark of the court here complained of; but, if such exception had been properly reserved, we would not, as stated, predicate error thereon.

[6] Under the evidence in this case the question of "freedom from fault" upon the part of the defendant was a question of fact for the determination of the jury, and not one of law for the court. Each of the refused charges pretermits freedom from fault of the defendant; they were therefore properly refused. Moreover, these charges were fairly and substantially covered by the court's oral charge, and for this reason also there was no error in refusing them.

No error appears upon the record. The judgment of conviction of the lower court will stand affirmed.

Affirmed.